IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01-30110 |
| ) | |
| SERGIUS RINALDI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

This matter comes before the Court on the Defendant's motion for permission to issue a subpoena.

On November 9, 2001, a thirteen-count indictment was returned against Defendant Sergius Rinaldi, D.M.D., a dentist specializing in orthodontics. On March 25, 2002, the Court accepted the Defendant's pleas of guilty to mail fraud (Count 1) and obstruction of a health care fraud investigation (Count 13). The Defendant has not been sentenced in this case. On January 29, 2003, the Defendant filed a motion to withdraw

1

his guilty pleas. That motion was denied by the Court on February 27, 2003. On March 19, 2003, the Defendant filed a motion asking the Court to reconsider the Order and Opinion denying his motion to withdraw the guilty plea. While that motion was pending, the Defendant filed the motion for permission to issue a subpoena. The Court has now denied the Defendant's motion to reconsider the Order and Opinion denying his motion to withdraw the guilty plea.

The Defendant requests that the Court enter an Order permitting him to issue an additional subpoena to the Illinois Department of Public Aid ("IDPA"). In his brief in support of the motion, the Defendant states that he is seeking from IDPA the current addresses and telephone numbers of a random sample of his patients. This information will be used to contact the patients to determine the accuracy of the Defendant's dates of service on his billings to Medicaid. The Defendant contends the information is necessary because it is the only way to determine the nature and extent of his alleged false billings. He claims the records from his dental practice are in such shambles that they are insufficient on which to base the necessary analysis.

2

The Defendant alleges that the analysis would be used by the Defense to show a lack of criminal intent in any potential hearing on the motion to withdraw his plea, and for sentencing purposes if that motion is denied. It would also be used during the trial in the event that the plea is allowed to be withdrawn.

The Defendant alleges that the State has not adequately responded to the subpoenas already issued. Previously, the Court addressed a related issue when the Department of Children and Family Services ("DCFS") filed a motion to quash a subpoena served by the Defendant. The purpose of that subpoena was to obtain the last known addresses and telephone numbers of several former patients. In its March 3, 2003 Order denying the motion to quash filed by DCFS, the Court noted the purpose of that subpoena was to enable the Defendant to interview former patients in an effort to calculate the amount of loss in this case. The Court further found that the information which was the subject of the subpoena may be important in determining his sentence. For these reasons, the Court denied the motion to quash.

The Defendant notes that he is now seeking information about patients by recipient identification number, instead of by name as was done previously. He contends this request should not lead to any of the problems encountered with the earlier request. The proposed subpoena seeks the current addresses and phone numbers of certain former patients using all State of Illinois databases. The Defendant notes that while many of the patients are probably no longer in the care of DCFS, it is likely that a substantial number still receive some form of State benefits such that the State's databases have a more current address and phone number than the limited number provided in response to the first subpoena.

The Defendant states that the current request is not an onerous task for the State of Illinois. The proposed subpoena lists recipient identification numbers for more than 700 individuals. The Defendant notes this is a much smaller sample than the more than 21,000 records of patient visits provided in discovery. He further alleges that if the Court were to allow the subpoena to be issued, it would result in a more accurate assessment of the actual amount of loss.

The Government suggested that the State of Illinois be given notice and an opportunity to be heard before being ordered to respond to the Defendant's subpoena. The Defendant states that the appropriate documents were served on IDPA and the legal department for IDPA. Counsel for the Defendant was advised by the Attorney General's office that the State did not intend to file a responsive pleading unless and until the proposed subpoena was issued by the Court. At that time, the State anticipates filing a motion to quash the subpoena.

In light of its ruling on the motion to reconsider, the Court notes that the information sought with the proposed subpoena would potentially be relevant only at the Defendant's sentencing hearing. Because the Court has determined that no hearing on the Defendant's motion to reconsider is necessary, and given that this case will not proceed to trial, there will be no need to produce this information for those purposes. In denying the previous motion to quash filed by DCFS, the Court noted that the information requested may be important in aiding it to determine the Defendant's sentence.

Of course, the Court is aware that the Supreme Court is likely to soon issue a decision in the consolidated cases of United States v. Booker, 375 F.3d 508 (7th Cir. 2004), cert. granted, 125 S. Ct. 11 (No. 04-104), and United States v. Fanfan, 2004 WL 1723114 (D. Me. June 28, 2004), cert. granted, 125 S. Ct. 12 (No. 04-105) (argued October 4, 2004). The Court recognizes, moreover, that the Supreme Court's anticipated decision will likely have a major impact on how sentencings are conducted in federal courts. Because it cannot currently say that the information will not be relevant at sentencing, however, the Court will ALLOW the Defendant's motion for permission to issue a subpoena.

Ergo, the Defendant's motion for permission to issue a subpoena [d/e 112] is ALLOWED.

ENTER: December 8, 2004

    FOR THE COURT:

        s/Richard Mills
        United States District Judge