E-FILED
Monday, 24 January, 2005 12:16:49 PM
Clerk, U.S. District Court, ILCD

FILED
JAN 2 1 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01-CR-30110 |
| ) | |
| SERGIUS A. RINALDI, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO QUASH

NOW COMES the Movant, ILLINOIS DEPARTMENT OF PUBLIC AID [hereinafter, IDPA], by and through its attorney Lisa Madigan, Attorney General of the State of Illinois, and for its Motion to Quash, states as follows:

1. The IDPA has received a subpoena from the Defendant in this matter which requests that it produce the name, date of birth, sex, race, current address and current telephone number for more than 700 Medicaid recipients. *A copy of said subpoena is attached hereto as Exhibit A.*

2. Courts have broad powers to prevent any abuses of judicial processes including subpoenas. People v. Walley, 215 Ill. App. 3d 971, 974, *cert. denied* 142 Ill. 2d 6623 (Second Dist. 1991).

3. The Movant respectfully asserts that this subpoena should be quashed because (1) the patient information requested is confidential, and disclosure of such is prohibited by law, (2) compiling the requested documentation will be overly burdensome for IDPA.

4. There are two sources of authority which prevents Movant from complying with the instant subpoena: the Health Insurance Portability and Accountability Act (HIPAA), the Public Health Federal Regulations.

5. Under HIPPA, "a covered entity may not use or disclose protected health information." 45 CFR § 164.52 (a). A health plan is a covered entity. *See* 45 CFR § 164.104. The Defendant is seeking records for patients who were receiving health care benefits though Medicaid, a public health plan administered by IDPA. As such, Movant submits that the IDPA is a covered entity, and, therefore cannot disclose the protected health information requested by the Defendant.

6. Further, under federal law, IDPA is mandated to safeguard patient information. *See* 42 U.S.C.A. § 1396 (a) (7) and 42 CFR § 431.300 which both state:

> "a state plan for medical assistance must provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to *purposes directly connected with administration of the plan.*" (Emphasis added).

Providing personal recipient information to a defedant in a criminal case so he can interview them to obtain information to potentially use in his defense is clearly not a purpose related to the administration of the Illinois Medicaid Plan, and therefore, IDPA is barred from releasing the requested information.

7. Additionally, as stated in the Federal Regulations:

"(a) The agency must have criteria specifying the conditions for release and use of information about applicants and recipients.

>(b) Access to information concerning applicants or recipients must be restricted to persons or agency representatives who are subject to standards of confidentiality that are comparable to those of the agency.
>
>(c) The agency must not publish names of applicants or recipients.
>
>(d) The agency must obtain permission from a family or individual, whenever possible, before responding to a request for information from an outside source . . ."

42 CFR § 431.306.

According to the above federal regulation, it would be a violation of the law for IDPA to release the requested information. First, the Defendant is not subject to confidentiality standards comparable to IDPA, and therefore, IDPA cannot release the requested information to him. Secondly, since IDPA is barred from publishing the names of Medicaid recipients, they obviously cannot disclose the names as requested to the Defendant. Finally, it would be overly burdensome for IDPA to comply with the Defendant's subpoena. As stated above, IDPA is required to obtain permission from each of the recipients before providing their information to the Defendant. The Defendant has requested information for more than 700 individuals. Contacting each of these recipients would be an extremely time consuming undertaking for IDPA. Additionally, presumably, some of these individuals are no longer receiving Medicaid and as such, IDPA may not have a current phone number or address for them, and therefore would be unable to contact them.

8. Additionally, compiling all of the information the Defendant requested in his subpoena is overly burdensome. The Defendant is requesting IDPA search its records for information pertaining to more than 700 Medicaid

recipients. Due to the quantity of information requested, IDPA would have to spend numerous hours compiling information. Moreover, the information sought in the Defendant's subpoena should already be in his possession. According to the Defendant, at one time he treated all of the patients for whom records have been requested, and therefore he should already have the pertinent information. However, the Defendant claims "the records from his dental practice are in such shambles that they are insufficient on which to base the necessary analysis." *See Exhibit A.* IDPA should not be required to spend numerous hours compiling data that the Defendant already has because the Defendant's office is "in shambles" and he cannot find said information.

9. The subpoena requests that IDPA provide the Defendant the current telephone numbers and current addresses for the listed recipients. As indicated previously, some of these individuals may no longer be receiving Medicaid, and therefore, IDPA may not be privy to their current phone numbers and current addresses. Should this Court deny the Movant's Motion to Quash the Defendant's Subpoena, Movant respectfully requests that they only be required to provide the last known phone numbers and addresses of the recipients.

10. Additionally, if the Court denies the Movant's motion, the Movant respectfully requests that the Defendant be ordered to provide the recipient numbers to IDPA in an electronic format. This will minimally lessen the burden placed on IDPA employees, but more importantly, may

eliminate potential keystroke mistakes that could be made by IDPA employees.

WHEREFORE, ILLINOIS DEPARTMENT OF PUBLIC AID, respectfully requests that this Honorable Court grant its Motion to Quash.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF PUBLIC AID,

    Movant,

    LISA MADIGAN, Attorney General,
    State of Illinois,

    Attorney for Movant,

Kristin A. Krsek, #6275309
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217)782-9029

By: /s/ Kristin A. Krsek
Kristin A. Krsek
Assistant Attorney General

Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01-CR-30110 |
| | ) |
| SERGIUS A. RINALDI, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2005, I served a copy of the foregoing MOTION TO QUASH with the Clerk of the Court which will send notification of such filing to the following:

NONE

and I hereby certify that on January 21, 2005, I mailed by United States Postal Service, the document to the following participants:

Michael J. Costello
820 South Second Street, First Floor
Springfield, IL 62704
costello.M@sbeglobal.net

Patrick Hansen
Assistant United States Attorney
Central District of Illinois
318 South Sixth Street
Springfield, IL 62701-1806
patrick.hansen@usdoj.gov,
stacy.booth@usdoj.gov,
carol.swiney@usdoj.gov.

Thomas M. Dawson
2300 South 4th Street
Levenworth, KS 66048
dawsonlaw@aol.com, Chuckatdlaw@aol.com

Joseph S. Miller
526 E. Allen Street
Springfield, IL 62703
attymill@aol.com,
attyjsm@aol.com

Respectfully submitted,

*/s/ Kristin A. Krsek*

Kristin A. Krsek, Attorney Bar #6275309
Attorney for Movant
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9029
Fax: (217) 782-8767
E-mail: kkrsek@atg.state.il.us