**E-FILED**
Tuesday, 01 February, 2005  02:29:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-30110 |
| SERGIUS RINALDI, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPONSE TO IDPA'S MOTION TO QUASH

NOW COMES the Defendant, Sergius Rinaldi, by and through his attorney, Thomas M. Dawson and in response to the Illinois Department of Public Aid's (IDPA) motion to quash subpoena states:

1. On December 9, 2004 this Court granted Defendant's motion to issue a second subpoena to the (IDPA).

2. On January 5, 2005 the subpoena was issued to IDPA.  (Attached as Exhibit A to the Motion to Quash)

3. IDPA now moves to quash the subpoena presenting essentially the same arguments advanced in opposition to the first subpoena: patients' confidentiality, and that the request is "overly burdensome".

4. Defendant respectfully suggests that the Motion to Quash should be again denied for the same reasons the first motion to quash was denied.

5. Further, the Defendant would suggest that this second subpoena would be unnecessary if the IDPA and DCFS had adequately responded to the first subpoenas.  The order denying the first motion to quash clearly set out the legitimate and necessary purpose for

1

which the information would be used.  The State received a copy of that order.  The

State's subsequent response to that subpoena thwarted the very purposes the Court had

found important as set out in the motion to issue the second subpoena.

6. Defendant suggests that IDPA is not a disinterested third party to the criminal case

underlying this subpoena and therefore might legitimately be required to shoulder a

greater burden than a truly disinterested non-party.  IDPA has supplied the Prosecution

with information similar to that requested in this subpoena.  This case is prosecuted on

behalf of IDPA.  IDPA investigated the case in the first instance and turned the results of

that investigation over to the U.S Attorney's Office for prosecution.  IDPA would be the

recipient of any restitution ordered in this case.  In the documents generated in relation to

the first subpoena, it is reflected that the State chose to use the least accurate and most

time consuming manner to gather the requested information, that is by using the patient's

name rather than the patient's IDPA number.  To ease the burden on the IDPA and to

help ensure that the correct patient records were being examined, the new subpoena

identifies the patients by IDPA number only, rather than by name and number as was

done in the first subpoena.  The IDPA requests that the list of patient numbers be

supplied to them in a digital computer format to further ease any burden.  Defendant is

willing, able and ready to supply the list in such a format.  If IDPA would express their

preference of format, the Defense will do all it can to cooperate.  Defendant agrees with

IDPA that providing the list in this manner would tend to reduce input errors.  The

records requested in the subpoena are maintained in the IDPA databases and can be

retrieved electronically.  The information requested is information that IDPA processes

on a daily basis.  The request is not overly burdensome.

7. The IDPA resists the subpoena on grounds that they need to protect the patients' confidentiality.  The records requested in the subpoena are related to medical treatment, but are not the records of the treatment, but rather are the records of where the patient lives now and their telephone numbers.  There is some identifying information requested that would be used to ensure that the correct patients are contacted.  This was an issue than came to light in the partial response provided to the original subpoena.  Further the Defendant in this case was these patients' orthodontist, thus revealing the fact that they were receiving orthodontic health care in response to this subpoena is not divulging any new information to the Defendant that the patients had not previously disclosed to the Defendant.  The United States Supreme Court, in *Pennsylvania v. Ritchie, 480 U.S 39 (1980),* has held that the State can be compelled to produce confidential records when such records are sought in certain criminal proceedings.  The IDPA records are necessary so that the Defendant can present to the Court an accurate picture of the scope of the alleged scheme and accurately determine the true loss caused by the alleged scheme.  After the Defense analyzes these records and presents them to the Court in a manner useful to the Court, the Court will be better able to impose sentence based on official records rather than the Government's hyperbole and suppositions.  The Defendant has the right to be sentenced on accurate information.  *United States v. Campbell, 985 F.2d 341, 348 (7th Cir. 1993).*

8.  In paragraph 9 of the motion to quash, the IDPA requests that the Court limit the scope of the subpoena to providing "last known addresses" rather than the "most current available" from the IDPA's databases.  This seems to be a matter of semantics.  Whatever the words, the Defendant is requesting that the IDPA search all its databases for the most

current addresses and telephone numbers of these ex-patients. What is requested in the subpoena is detailed in the motion for permission to issue.  The problem is that many of these patients may no longer be in DCFS custody, but it is probable that they are in other current IDPA databases and if IDPA is permitted to satisfy their obligation to respond to this subpoena by only searching old DCFS databases, the information will be so old as to be virtually worthless to determine the loss.  It is respectfully requested that the Court order IDPA to search all of their databases to provide the most current addresses and telephone numbers contained in said databases.

WHEREFORE, it is respectfully requested that this Court deny the IDPA's motion to quash.

Respectfully Submitted,


/s/ Thomas M. Dawson
Thomas M. Dawson
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS  66048
(913) 682-5331
(913) 682-8363 facsimile
dawsonlaw@aol.com

Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing by regular U.S. mail, postage prepaid, this _____ day of February 2005 and electronically via the Central District of Illinois CM/ECF filing system. on:

Kristin A. Kresek
Office of the Attorney General
500 South Second Street
Springfield, IL 62706

Attorney for Movant

AND ON:

Patrick D. Hansen,
Assistant United States Attorney,
600 East Monroe Street, Room 312,
Springfield, IL. 62701

Attorney for Plaintiff,

_____
Thomas M. Dawson, Esq.