**E-FILED**
Thursday, 03 February, 2005  10:37:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01-30110 |
| | ) | |
| SERGIUS RINALDI, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion of non-party Illinois Department of Public Aid to quash the subpoena issued by the Defendant.

In an Order entered on December 9, 2004, the Court granted the Defendant permission to issue a subpoena to the Illinois Department of Public Aid ("IDPA").  Following the issuance of the subpoena, IDPA filed the motion to quash now pending before the Court.

IDPA contends that the subpoena, which requests that it produce the name, date of birth, sex, race, current address and current telephone number

1

for more than 700 Medicaid recipients, should be quashed for the following reasons: (1) the patient information requested is confidential, and disclosure of such is prohibited by law; and (2) compiling the requested documentation will be overly burdensome.

IDPA further alleges that there are two sources of authority which prevent it from complying with the subpoena. First, pursuant to the Health Insurance Portability and Accountability Act, "a covered entity may not use or disclose protected health information." 45 C.F.R. § 164.52(a). A health plan is a covered entity. See 45 C.F.R. § 164.104. Because Medicaid is a public health plan which it administers, IDPA asserts that it cannot disclose the protected health information requested by the Defendant.

Second, IDPA alleges that under federal law, it is required to safeguard patient information. See 42 U.S.C. § 1396(a)(7) and 42 C.F.R. § 431.300, which both state that "a state plan for medical assistance must provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of the plan." IDPA contends that the Defendant's purpose

in seeking the information is clearly not a purpose related to the administration of the Illinois Medicaid Plan.

IDPA notes further that the Federal Regulations provide:

(a) The agency must have criteria specifying the conditions for release and use of the information about applicants and recipients.

(b) Access to information concerning applicants or recipients must be restricted to persons or agency representatives who are subject to standards of confidentiality that are comparable to those of the agency.

(c) The agency must not publish names of applicants or recipients.

(d) The agency must obtain permission from a family or individual, whenever possible, before responding to a request for information from an outside source.

42 C.F.R. § 431.306. Because the Defendant cannot meet these criteria, IDPA asserts that it cannot provide the requested information.

IDPA also alleges that the compilation of the requested information pertaining to more than 700 Medicaid recipients would be unduly burdensome. Moreover, IDPA should not be required to spend numerous hours compiling data that the Defendant should already have in his

3

possession.

IDPA requests that if its motion is denied, the Court order the Defendant to provide it with the recipient numbers in an electronic format. In addition to minimally lessening the burden on IDPA employees, this will serve to eliminate potential mistakes made by IDPA employees.

In his response to the motion to quash, the Defendant alleges that IDPA is basically presenting the same arguments advanced in the motion of DCFS to quash the first subpoena, which was denied. Moreover, the Defendant contends that the second subpoena would have been unnecessary if IDPA and DCFS had adequately responded to the first. The Defendant further alleges that because IDPA has supplied the Government with information similar to that requested in the subpoena, and because IDPA previously investigated the case, it is fair to require it to bear a greater burden than the typical disinterested non-party.

The Defendant further states that to ease the burden on IDPA and to help ensure that the correct patient records were being examined, the new subpoena identifies the patients by IDPA number only, rather than by name

4

and number as was done in the first subpoena.  Moreover, the Defendant states that he is willing and able to comply with IDPA's request to supply the list in a digital computer format.  The Defendant contends that because the requested records are maintained in IDPA databases and can be retrieved automatically, the request is not overly burdensome.

Regarding IDPA's confidentiality argument, the Defendant alleges that the requested records mostly involve addresses and phone numbers, not medical information.  Moreover, the records are necessary so that the Defendant can present to the Court an accurate picture of the scope of the alleged scheme and accurately determine the true loss caused by the alleged scheme.  The Defendant contends the records will assist the Court in imposing sentence.

The subpoena requests that IDPA provide the Defendant the current telephone numbers and current addresses for the listed recipients.  IDPA notes that because some of these individuals may no longer be receiving Medicaid, it may not be privy to their current phone numbers and addresses.  Accordingly, IDPA requests that it only be required to provide

5

the last known phone numbers and addresses of recipients.

In his response, the Defendant states that he is requesting that IDPA search all of its databases for the most current phone numbers and addresses. The Defendant notes that while many of the patients may no longer be in DCFS custody, their information may be found in other current IDPA databases. Because the information in old DCFS databases may now be virtually worthless, the Defendant requests that IDPA be ordered to search all of its databases to provide the most current addresses and telephone numbers found in them.

For the reasons given in its Order entered on March 5, 2003 denying the motion to quash filed by DCFS, the Court will deny IDPA's motion to quash. The Court directs IDPA to search whichever databases are available to it in order to provide the most current information for the listed recipients. To the extent that it is possible, the Defendant will provide the list of patient numbers to IDPA in the digital format requested by IDPA.

<u>Ergo</u>, the motion to quash filed by non-party Illinois Department of Public Aid [d/e 132] is DENIED.

ENTER: February 2, 2005

FOR THE COURT:

s/Richard Mills
United States District Judge