E-FILED
Wednesday, 18 May, 2005  09:58:37 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-30110 |
| SERGIUS RINALDI, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO CONTINUE SENTENCING

NOW COMES the Defendant, Sergius Rinaldi, by and through his attorney, Thomas M. Dawson, and respectfully requests that the sentencing currently scheduled for June 6, 2005 be continued. In support of this request the Defendant states:

1. That the Court on December 9, 2004 granted the Defendant permission to issue a subpoena for certain records held by the State of Illinois and specifically the Illinois Department of Public Aid. Doc. 130. This Court on February 3, 2004 denied IDPA's motions to quash the subpoenas. Doc. 134. On March 4, 2005 the Court entered an order granting the request of IDPA to continue the return date on the subpoena February 24, 2005 to April 25, 2005. Doc. 136. The request by the Defendant to issue the subpoena (granted December 9, 2004) was occasioned by the failure of IDPA to respond with relevant and intelligible information to the initial subpoenas issued in 2003 as set forth in the Motion for Permission to issue Subpoena, doc. 112 and 113.

2. On April 25, 2005 the IDPA supplied certain records in response to the subpoena.

3. Defendant's experts have begun the process of analyzing and processing the records provided by IDPA that will result in the statistical analysis. Dr. Thomas W. Langford

and Ms. Deb McGregor have provided the attached Memorandum dated May 12, 2005 regarding analytic activities undertaken by the Defense.  The first five pages of the memorandum reviews in a historical sense the initial data received from the United States Attorney's Office, Illinois Office of the Comptroller and C-13 vouchers collected from the Medical Fraud Division of the Illinois State Police.  The problems identified with these records are discussed in the memorandum and also in the pleading at doc. 112. Page six of the memorandum discusses the reformatted request for records that generated the second subpoena.  The reformatted request was designed with the intent of eliminating the problems with the first set of records received.  Attachment  A is the IDPA response to the subpoena received April 25, 2005.  Attachment A will be filed separately with a motion to file conventionally with the Court.  Attachment A could not be filed electronically as a PDF file because of the nature of the document.  Attachment B is a merger of the information sought by the Defense and the information provided by IDPA on April 25, 2005.  Attachment B will be filed separately with a motion to file conventionally with the Court.  Attachment B could not be filed electronically as a PDF file because of the nature of the document.  Though the validity of the information is not yet tested (this will be done with field interviews) the authors of the memorandum expect that the analysis can be completed with the information provided.  Attachment C is an outline to implement a plan to conduct the interviews in a timely and efficient manner. Attachment C also includes a map of Illinois indicating the location and distance to travel to interview the patients.  This map was developed to permit efficient use of time regarding the interviews.  Attachment C will be filed separately with a motion to file conventionally with the Court.  Attachment C could not be filed electronically as a PDF

file because of the nature of the document.  Dr. Langford and Ms. McGregor expect that the process may require six months of effort to interview an adequate number of individuals for the statistical study's validity.  They suggest monthly progress reports to be filed with the Court so the Court will be aware of the efforts and so that the Court might be promptly advised if the process can be shortened.

4.  In their Response to Defendant's Motion to Continue Sentencing filed Nov. 27, 2002 the Government has indicated that it is "will request that this Court depart upward from the sentencing guideline range as this loss calculation will seriously understate the seriousness of the offense." Doc. 53.

6.  The Defense is attempting to gather the actual loss figures such that the Court can impose sentence with accurate figures.

The Government opposes this motion to continue.

WHEREFORE, it is respectfully requested that this Court grant a continuance of six months for the sentencing of the Defendant and that the Defense be ordered to provide monthly progress reports to the Court with respect to work being completed.

Respectfully Submitted,

/s/ Thomas M. Dawson
Thomas M. Dawson
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS  66048
(913) 682-5331
(913) 682-8363 facsimile
dawsonlaw@aol.com
Counsel for Defendant

_____
Michael J. Costello
Illinois ARDC No. 522627
631 East Allen Street, Suite B
Springfield, IL 62703
217. 544.5500
Fax 217.544.7500
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2005 I served a copy of the foregoing, electronically via the Central District of Illinois CM/ECF filing system on:

Patrick D. Hansen,
Assistant United States Attorney,
600 East Monroe Street, Room 312,
Springfield, IL. 62701

Attorney for Plaintiff,

/s/ Thomas M. Dawson
Thomas M. Dawson, Esq.