E-FILED
Monday, 23 May, 2005  02:06:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01-30110 |
| | ) |
| SERGIUS A. RINALDI, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE SENTENCING

Comes the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois and Patrick D. Hansen, Assistant United States Attorney, and responds herein to the Motion to Continue Sentencing filed by the defendant on May 18, 2005.

1.	The defendant in this case entered pleas of guilty to mail fraud (Count 1) and Obstruction of a Health Care Fraud investigation (Count 13) on March 5, 2002. He was originally scheduled for sentencing on June 24, 2002, which was continued to August 19, 2002. The matter has been continued numerous times since then.

2.	The defendant seeks another six months to prepare for sentencing. In so doing, he attempts to issue the blame for the three year delay on every person and entity other than himself. The plain fact of the matter is that the defendant is the sole cause for this delay. All of the information that the defendant now seeks in doing a "statistical sampling" could have been gained from a true audit of the records which were in the possession of the defendant on January 23, 2001, when a Grand Jury subpoena was served upon him for those records. Instead of complying with the subpoena, he removed the records, and has either destroyed them or

purposely kept them from his own team of lawyers, investigators and experts. *See In re Grand Jury Proceedings*, 280 F.3d 1103 (7th Cir. 2002).[1]

3. Additionally, the defendant's latest Motion to Continue is based on the faulty premise that another lengthy delay will allow him to somehow create a statistical sampling to show an "actual" loss amount. (Def. Mot. ¶6). The defendant's plan is apparently to have an investigator interview former patients of the defendant to determine whether they received services from the defendant on certain dates. This exercise should be seen as nothing more than another attempt to delay the proceedings for the following reasons:

   a. The premise of the statistical sampling rests on the receipt of reliable information from the former patients. This, of course, fails to recognize the facts that the former patients of the defendant were typically either

---

[1] The following testimony from that hearing was cited by the Court of Appeals in affirming the civil contempt citation against Rinaldi: "The government also called Judy Keran to testify. She stated that she has worked for Rinaldi at his Springfield office since May 1994, and addressed the accumulation and storage of sign-in sheets prior to January 23, 2001. Keran testified that the sign-in sheets would initially be left at the Springfield office's reception desk. On a daily basis, Keran would then transfer the sign-in sheets to a desk drawer. When a significant amount of sign-in sheets accumulated in that drawer, Keran dated, banded, and placed the sign-in sheets in a closet in the Springfield office. Keran testified that the sign-in sheets remained in that closet from May 1994 until approximately March or April 2001. Keran also testified that appointment books from 1994 through the current year were located in the closet prior to January 23, 2001. Keran then testified that sometime after January 23, 2001, Rinaldi removed all the sign-in sheets and appointment books that were stored in the closet. Keran noted that she went into the closet on a daily basis and that the sign-in sheets and appointment books were removed from the closet "definitely after the [issuance of the] subpoena" on January 23, 2001. Keran stated that she asked Rinaldi about their removal, and that Rinaldi told her that he had removed the sign-in sheets and appointment books. Keran was then asked whether Rinaldi had destroyed any records on any previous occasion. Keran responded, "[a]bsolutely not. Dr. Rinaldi did not want us to destroy anything. He likes ... to keep everything ... down to the simplest items" and that Rinaldi saved records "just in case" they were needed in the future." 280 F.3d 1105.

          teenagers or pre-teenagers, were wards of the State of Illinois and recipients of Public Assistance.

b.     The dates of services on this sampling range from early in 1994 through approximately mid-2001.  The odds of any patient recalling whether they were at a dental appointment at any given time four years ago are remote.  The odds against a former teenager recalling a specific appointment on a specific date eleven years ago are astronomical.   The chances that more than a handful of these individuals will have kept records from this time period are nil.

c.     The government anticipates that, at best, the defendant's calculations will be based on such general and unreliable information as people not recalling missing any appointments, and therefore the defendant concluding that such people must have been present for all dates in question.  However, the investigation in this case showed that the defendant would bill for patients who did not even have appointments (including billing for youths in jail or youth facilities and those who had been runaways for months).  Therefore, a patient not recalling that he or she missed any appointments would not have any relevance to whether the defendant actually treated the patient on that date.  Any information obtained from interviews, therefore, without further corroborating records, would be unreliable, and  must be discounted or eliminated from any calculation.

4. Since the defendant has been unable to calculate an "actual" loss figure in over three years[2], and considering the dubious plan currently proposed, it is unlikely that a continuance of yet another six months would be beneficial.

5. The defendant's current problem in calculating the loss is solely one of his own creation. It is not in the interests of justice to allow him to continue to benefit from it.

6. In discussing the matter with Mr. Costello, one of the attorneys for the defendant, the government stated that it would not object to a short continuance of 3-4 weeks to accommodate the schedule of that attorney, but does object to a continuance of 6 months.[3]

WHEREFORE, the United States of America submits that the defendant's latest motion to continue sentencing should be denied, and that the June 6, 2005 date be reaffirmed.

Respectfully Submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By:  s/Patrick D. Hansen
     Patrick D. Hansen
     Assistant United States Attorney
     Illinois Bar No. 6187536
     318 South 6th Street
     Springfield, IL 62701
     Telephone: (217) 492-4450
     patrick.hansen@usdoj.gov

---

[2] The attachments to the affidavit correctly point out that the defendant has had all of the data in the possession of the government since at least November of 2002. It should also be noted that much of this same information and data was available to the defendant since the time of his indictment in November of 2001.

[3] A fair reading of the defendant's motion suggests that his request for six additional months is also not going to be his final request. According to the "Memorandum" attached to the motion, "It is expected that the process may require *at least* six months of effort to interview an adequate number of individuals." It is apparent, then, that this six months does not even include the review of the information, the compilation nor the calculations. Nor does this contemplate any process for review or response by the government.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on May 23, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas M Dawson
Michael Costello
Joe Miller

                                          s/Patrick D. Hansen
                                          Patrick D. Hansen
                                          Assistant United States Attorney
                                          318 South Sixth Street
                                          Springfield, IL 62701
                                          (217) 492-4450
                                          Fax: (217) 492-4512
                                          patrick.hansen@usdoj.gov