IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-30110 |
| SERGIUS RINALDI, | ) | |
| Defendant. | ) | |

REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE SENTENCING

The defendant by and through counsel submits the following reply to the Government's suggestion to deny a continuance of the presently scheduled sentencing set for June 6, 2005.

1. The Motion to Continue Sentencing filed by the defendant sets forth the efforts of the defense to conduct the statistical study and the history of those efforts. The original subpoenas were issued in January of 2003. The subpoenas were issued in January of 2003 after Thomas W. Langford and Deb McGregor reviewed thousands of records provided in discovery as set forth in the memorandum attached to the recent Defense Motion to Continue Sentencing. Based on those records and after the editing procedure was conducted as described in the memorandum statistical samples were prepared by Dr. Langford. Dr. Langford utilizing the RAT-STATS Single State Random number Generator which accounted for the possible inability to locate certain patients as well as other variables described in the memorandum. The process was ready to move forward when the information sought in the January 2003 subpoenas was received.

1

2. The statistical analysis process was delayed because IDPA failed to respond with relevant and intelligible information in response to the subpoenas issued in January of 2003 as set forth in the Motion for Permission to issue Subpoenas, doc. 112 and 113.

3. This Court has consistently granted the defense request to obtain the information sought by subpoena and twice denied motions to quash the subpoenas. The Court's orders have correctly set forth the defense need for the subpoenaed information.

4. The memorandum of Dr. Langford and Deb McGregor attached to the recent Motion to Continue Sentencing outlines a full plan to implement the process to complete the statistical analysis. The defense is suggesting monthly progress reports to be filed with the Court not to further delay the matter but to be in a position to alert the Court and parties if the process can be shortened.

5. While the Government complains that the statistical sampling rests on the receipt of reliable information from former patients the Government in many if not most instances relied on the same interview procedure. Much of the raw data has been available to the defense since late 2002 but that data is without value unless the patients can be located. The information to locate the patients is now available. The defense should be permitted adequate time to complete the process.

Accordingly the defendant asks the Court to grant the request for a continuance of sentencing and order monthly progress reports as suggested.

Respectfully Submitted,

/s/ Thomas M. Dawson
Thomas M. Dawson
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS  66048
(913) 682-5331
(913) 682-8363 facsimile
dawsonlaw@aol.com
Counsel for Defendant

_____
Michael J. Costello
Illinois ARDC No. 522627
631 East Allen Street, Suite B
Springfield, IL 62703
217. 544.5500
Fax 217.544.7500
Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2005 I served a copy of the foregoing, electronically via the Central District of Illinois CM/ECF filing system on:

Patrick D. Hansen,
Assistant United States Attorney,
600 East Monroe Street, Room 312,
Springfield, IL. 62701

Attorney for Plaintiff,

/s/ Thomas M. Dawson