**E-FILED**
Thursday, 26 May, 2005  02:39:00 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01-30110 |
| | ) | |
| SERGIUS RINALDI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Government's motion for a scheduling order and the Defendant's motion to continue his sentencing hearing.

Defendant Sergius Rinaldi's sentencing hearing is currently scheduled for June 6, 2005 at 2:30 p.m.  The Government notes that the parties are attempting to determine a reasonable approximation of the value of services which were billed, but not provided.  The Government states that it anticipates that the Defendant will be making new and novel arguments at

1

his sentencing hearing.  Accordingly, it asks that it be provided with a copy of any and all exhibits to be offered by the Defendant fourteen days prior to the sentencing.  The Government agrees to provide the Defendant and the Court with a list of any witnesses it intends to call to support its request for the Court to depart upward from the sentencing guideline range.

In his motion to continue the sentencing hearing, the Defendant notes that the Court granted him permission to issue a subpoena for certain records held by the Illinois Department of Public Aid.  The records were not received until April 25, 2005.  The Defendant alleges that Defense experts have begun the process of analyzing and processing the records provided by IDPA that will result in their statistical analysis.  The Defendant contends that this process may require six months of effort to interview an adequate number of individuals for the statistical study's validity.

The Government opposes the Defendant's request for a six-month continuance.  In its response, the Government alleges that all of the information that the Defendant now seeks in doing a "statistical sampling" could have been gained from a true audit of the records which were in his

possession on January 23, 2001, when a Grand Jury subpoena was served upon him for those records. The Government asserts that instead of complying with the subpoena, the Defendant removed the records and has either destroyed them or purposely kept them from the Defense team. The Government contends that the Defendant is the sole cause for the delay in this case.

The Government further alleges that the Defendant's purported justification for requesting the continuance is yet another attempt to delay the proceedings. Moreover, it is highly unlikely that the Defendant will be able to obtain significant information as to whether his former teenage patients received professional services from him on specific dates more than four years ago. The Government also contends that because of the nature of the Defendant's billing activities, the information obtained from interviews, without further corroborating records, would be unreliable. The Government claims, therefore, that it is unlikely that a continuance of an additional six months would be beneficial. The Government does not object to a short continuance of 3-4 weeks to accommodate the schedule of counsel

for the Defendant.

The Court recognizes the problems associated with the Defendant's attempts to ascertain the amount of loss by interviewing individuals about appointments from several years ago.  However, the Court granted the Defendant permission to issue a subpoena containing information about former patients.  The purpose of the subpoena was so that the Defendant would have information allowing him to contact the patients to determine the accuracy of the dates of service in the Defendant's billings to Medicaid.

The Defendant only recently obtained from IDPA the information allowing him to contact his former patients.  Given its previous rulings regarding the issuance of the subpoena, the Court concludes that it is only fair that the Defendant should be given some additional time beyond the current date set for sentencing to consider the information which was obtained from IDPA.  However, the Court agrees that a continuance of six months is too long.  This continuance of three months will be the final continuance.

Ergo, the Defendant's motion to continue his sentencing hearing [d/e

4

138] is ALLOWED.   The Defendant's sentencing hearing is hereby continued from June 6, 2005 to September 7, 2005 at 1:30 p.m.   The Government's motion for a scheduling order [d/e 137] is ALLOWED.  The parties are Directed to provide to each another within fourteen days of the sentencing hearing witness lists, exhibit lists, and an outline of the evidence which they intend to present.

ENTER: May 25, 2005

FOR THE COURT:

s/Richard Mills
United States District Judge