IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-30110 |
| | ) | |
| SERGIUS RINALDI, | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO CONTINUE SENTENCING

### BACKGROUND

NOW COMES the Defendant, Sergius Rinaldi, by and through his attorney, Michael Costello, and respectfully requests that the sentencing currently scheduled for September 7, 2005 be continued. In support of this request the Defendant states:

1. That the Court on December 9, 2004 granted the Defendant permission to issue a subpoena for certain records held by the State of Illinois and specifically the Illinois Department of Public Aid. Doc. 130. This Court on February 3, 2004 denied IDPA's motions to quash the subpoenas. Doc. 134. On March 4, 2005 the Court entered an order granting the request of IDPA to continue the return date on the subpoena February 24, 2005 to April 25, 2005. Doc. 136. The request by the Defendant to issue the subpoena (granted December 9, 2004) was occasioned by the failure of IDPA to respond with relevant and intelligible information to the initial subpoenas issued in 2003 as set forth in the Motion for Permission to issue Subpoena, doc. 112 and 113.

2.   On April 25, 2005 the IDPA supplied certain records in response to the subpoena.

3.   Defendant's experts began the process of analyzing and processing the records provided by IDPA that will result in the statistical analysis. Dr. Thomas W. Langford and Ms. Deb McGregor have provided the attached Memorandum dated July 26, 2005 regarding analytic activities undertaken by the Defense. Exhibit 1. It is counsels understanding that the statistical analysis can be completed in a reasonable period of time.

Subsequent to Deb McGregor commencing the interview process a further delay was caused by IDPA/DCFS. On June 6, 2005 Deb McGregor was stopped in her effort by a DCFS case worker, from interviewing one of the clients of Dr. Rinaldi. This problem is identified in the June 6, 2005 email authored by Deb McGregor attached hereto as Exhibit 2. Immediately after receiving the email of June 6, 2005 from Deb McGregor counsel faxed a letter to Assistant Attorney General Kristin A. Krsek, attached hereto as Exhibit 3. Counsel explained to Ms. Krsek that it appeared DCFS might be quashing the subpoena defacto by making the clients unavailable for interviews. Ms. Krsek responded by email dated June 13, 2005, attached as exhibit 4. The letter indicated that in the event DCFS decided to permit Deb McGregor to conduct interviews that DCFS would require that an attorney from DCFS or the Attorney General's office to be present. This letter made it clear that the interview refusal was going to apply to all children. It appeared that the interview process had been stalemated. After counsel contacted numerous persons with DCFS and had further conversations with Ms. Krsek the roadblock was lifted on June 20, 2005 as reflected in the email from Ms. Krsek-

Alferink dated June 20, 2005 attached as Exhibit 5. The actions of DCFS caused a significant delay in the interview process from June 6, 2005 to June 21, 2005 that should not be attributable to the Defense.

4. Dr. Chapman will be unavailable until September 13, 2005. Dr. Chapman was notified by counsel approximately two months in advance of the September 7, 2005 sentencing date. At the time of notification, Dr. Chapman advised counsel that on May 20, 2005 he had prepaid a non-refundable Mediterranean cruise and would not return until September 12, 2005. Dr. Chapman is a crucial witness for the defense with respect to the issue of mitigation and diminished capacity. The Court without his testimony will be unable to consider the Defendant's diminished capacity under §5K2.13 to determine if a downward departure is warranted and to what extent to which the reduced mental capacity contributed to the offense. Dr. Chapman's schedule for unavailable dates is attached as Exhibit 6.

5. In their Response to Defendant's Motion to Continue Sentencing filed November 27, 2002 the Government has indicated that it is "will request that this Court depart upward from the sentencing guideline range as this loss calculation will seriously understate the seriousness of the offense." Doc. 53.

6. The Defense is gathering the actual loss figures by statistical analysis so that the Court can impose sentence with accuracy.

7. The Government opposes this motion to continue.

WHEREFORE, it is respectfully requested that this Court grant a continuance of six months for the sentencing of the Defendant and that the Defense be ordered to provide monthly progress reports to the Court with respect to work being completed.

RESPECTFULLY SUBMITTED,

s/ Michael J. Costello
Michael J. Costello Bar Number 522627
Attorney for the Defendant
Costello Law Office
820 South Second Street
First Floor
Springfield, Illinois 62704
Telephone No.: (217) 544-5500
Fax No.: (217) 544-7500
costello.m@sbcglobal.net


/s/ Thomas M. Dawson
Thomas M. Dawson
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS 66048
(913) 682-5331
(913) 682-8363 facsimile
dawsonlaw@aol.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2005 I served a copy of the foregoing, electronically via the Central District of Illinois CM/ECF filing system on:

Patrick D. Hansen,
Assistant United States Attorney,
600 East Monroe Street, Room 312,
Springfield, IL. 62701

Attorney for Plaintiff

s/ Michael J. Costello

Michael J. Costello
Attorney at Law
820 South Second Street,
First Floor
Springfield, Illinois 62704
Telephone: (217) 544-5500
ARDC No.: 522627