E-FILED
Wednesday, 03 August, 2005 11:03:56 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>v. )<br>SERGIUS RINALDI, )<br>    Defendant. ) | No. 01-30110 |

REPLY TO GOVERNMENT RESPONSE TO MOTION TO CONTINUE

  The Defendant by and through counsel respectfully Replies to the Government's Response to Defendant's Motion to Continue Sentencing as follows:

1. The Government asserts that the defendant is again seeking to continue the sentencing another six months. This was requested in the prayer for relief but is not accurate. The Defendant seeks 12 weeks. In exhibit 1 to the Defendant's Motion to Continue Sentencing Dr. Thomas W. Langford stated his anticipation that interviews of an appropriate statistical sample of patient-visits could be achieved in 12 weeks of additional effort. Dr. Langford stated that the interview process was progressing reasonably well.

Contrary to the Government's assertions that the statistical sample will not produce reliable results Dr. Langford's exhibit indicates it will produce an appropriate statistical sample of patient visits. This is what is needed for Dr. Langford to produce a reliable statistical analysis. The study can be concluded and will be concluded if the Defense is given the time suggested by Dr. Langford, which is 12 weeks.

2. The Government once again asserts that the Defendant is the sole cause for the delay. This is not accurate. Had the IDPA responded with intelligible and relevant information to the initial subpoenas issued in 2003 this analysis would now be concluded. It was this failure that caused the Defendant to request a new subpoena that was granted in December of 2004. The State not only filed a motion to quash the initial subpoena but after that was denied, the State filed yet another motion to quash the Subpoena granted in December of 2004. This motion to quash was denied by this Court on February 3, 2005. Then after being aware of the Defense request for the information since the initial subpoena was issued in 2003 IDPA obtained an order continuing the return date on the Subpoena to April 25, 2005. The delays have in fact been

occasioned by IDPA. More importantly the statistical analysis can be completed given a relatively short period of additional time-12 weeks.

3. Dr. Chapman is a crucial witness for the Defense for the purpose of mitigation. While it is accurate that the Court has the medical reports of the several Doctors the in person testimony of Dr. Chapman cannot be replaced with a report. Dr. Chapman if called to testify would review not only his opinions about the Defendant's diminished capacity but is prepared to comment on the reports of the other evaluators. Dr. Chapman will testify as to why his view of this matter should be accepted and will identify the flaws in the reports of others holding a contrary view. This cannot be accomplished on the cold record of a report.

Accordingly and in the interest of justice the Defendant respectfully requests this Court for an order continuing this matter for period of 12 weeks to permit the analysis to be completed and to make it possible for Dr. Chapman to present to testify

Respectfully Submitted,

/s/ Michael Costello
Michael J. Costello
Illinois ARDC No. 522627
631 East Allen Street, Suite B
Springfield, IL 62703
217. 544.5500
Fax 217.544.7500
Counsel for Defendant


/s/ Thomas M. Dawson
Thomas M. Dawson
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS  66048
(913) 682-5331
Fax  (913) 682-8363
dawsonlaw@aol.com
Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2005, I served a copy of the foregoing, electronically via the Central District of Illinois CM/ECF filing system on Attorney for Plaintiff:

Patrick D. Hansen,
Assistant United States Attorney,
318 South 6th Street,
Springfield, IL. 62701


/s/ Thomas M. Dawson

4