IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01-30110 |
| | ) | |
| SERGIUS RINALDI, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion to continue the sentencing hearing.

In an Order entered on May 25, 2005, the Court granted the Defendant's motion to continue and scheduled his sentencing hearing for September 7, 2005. At that time, the Court stated that the three-month continuance would be the final continuance. The purpose of the continuance was so that the Defendant could compile a statistical analysis of the loss amount. The Defendant has now requested a continuance of an

1

additional three months.

In support of his motion, the Defendant alleges that between June 6, 2005 and June 20, 2005, DCFS officials prevented the Defense team from interviewing at least one of Dr. Rinaldi's clients who was under the age of 21. Consequently, the Defendant states that at least that two week delay in the interview process should not be attributable to him.

In further support of its motion, the Defendant states that one of his witnesses, Robert E. Chapman, M.D., will not be available until September 13, 2005, as Dr. Chapman will return from a Mediterranean Cruise on September 12. The Defendant alleges that Dr. Chapman is a crucial witness for the Defense with respect to the issue of mitigation and diminished capacity.

The Government opposes the Defendant's motion to continue, contending that he is the sole cause for the delay in this case. It alleges that a lengthy delay will not enable the Defendant to create a reliable statistical sampling to show an "actual" loss amount. The Government asserts that any data produced by the Defendant will likely be unreliable.

Consequently, it is unlikely that another lengthy delay will be beneficial.

The Government further notes that the Court has already received and reviewed the report of Dr. Chapman, as well as the reports of other medical professionals in this case. The Government alleges, therefore, that the Court has all of the information it needs to determine to what extent the Defendant's claimed "diminished mental capacity" contributed to this offense.

In his reply, the Defendant alleges that the interview process is progressing reasonably well according to Dr. Thomas W. Langford, and that an appropriate sample of patient-visits could be achieved within twelve weeks. Moreover, the Defendant disputes the Government's assertion that he is the sole cause for the delay in this case.

The Defendant also claims that Dr. Chapman is a crucial witness for the purpose of mitigation. The Defendant alleges that if called to testify, Dr. Chapman would, in addition to reiterating his opinions about the Defendant's diminished capacity, comment on the reports of other evaluators. The Defendant contends that Dr. Chapman will testify as to

3

why his view of the matter should be accepted and will note the flaws in the reports of others holding a different view. For these reasons, the Defendant requests a continuance of twelve months and for the Court to make it possible for Dr. Chapman to testify.

For the reasons given in its previous Order, the Court declines to continue the sentencing hearing an additional three months. However, the Court will continue the hearing to the following week in order to accommodate the Defendant's witness.

<u>Ergo</u>, the Defendant's motion to continue [d/e 145] is ALLOWED. The sentencing hearing is hereby continued from September 7, 2005 to September 15, 2005 at 1:30 p.m.

ENTER: August 9, 2005

    FOR THE COURT:

                        s/Richard Mills
                        United States District Judge