IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA
    Plaintiff

No. 01-30110

v.

SERGIUS RINALDI
    Defendant

MOTION TO RECONSIDER ORDER OF DECEMBER 9, 2004

The defendant by and through counsel respectfully requests the Court to reconsider the Order entered December 9, 2004 denying the defendant's request for an order permitting the defendant to withdraw his plea of guilty.

This Court has misapplied the law of *Gomez-Orozco*, 188 F. 3rd 422 (7th Cir. 1999) to this Defendant's case in the following ways:

1. The Court erred in finding that the claims made by the Defendant were not claims of 'actual innocence'.

2. The Court required the Defendant to present 'substantial evidence' of his innocence whereas the Seventh Circuit in *Gomez-Orozco,* held that to allow a defendant to withdraw his plea of guilty based on a claim of actual innocence, the claim of actual innocence must be supported by "credible" evidence. *Gomez-Orzoco* at 425. Sub Judice the

Defendant has presented highly credible evidence to support the request to withdraw the plea of guilty.[1]

3.  This Court erred by focusing its attention on the reports submitted by competing experts of the Government rather than determining whether the Defendant had presented sufficient credible evidence on his claim of actual innocence.

4. This Court erred by stepping into the shoes of the jury.  The *Gomez-Orozco* Court held that being legally innocent of a crime is a fair and just reason to withdraw a guilty plea.  The claim must be supported by **credible evidence.**  The Court further noted that Gomez-Orozco had presented substantial, though disputed, evidence that his parents were married under the common law of Texas and further concluded that the Defendant had presented "enough" evidence to withdraw his guilty plea and to present the claim of citizenship by common law marriage to the jury.  The Seventh Circuit found it was "possible" that a jury might find reasonable doubt about his alienage.  Sub Judice the defendant has presented "credible" evidence in the form of reports written by various experts.  These reports are credible evidence to support the withdrawal of his guilty plea because it is "possible" that a jury might find reasonable doubt about the Defendant's ability to formulate criminal intent.

The Court made the same error with regards to the pro rata argument.  The questions of whether the fee is pro rata or whether the Defendant's interpretation of the regulations was unreasonable or if the regulations were so ambiguous that they cannot support a conviction are questions for the jury.  In a motion to withdraw a plea the Court should determine whether the defendant has presented credible evidence sufficient to be a

---

[1] The Defendant has presented 'substantial and credible evidence' of his innocence through the medical reports submitted and the arguments on bundling vs. fee for service.

fair and just reason to be allowed to withdraw his plea, it is not for the court to make the ultimate decision of guilt or innocence.

5. The Court denied the materiality of the dates of service argument of the Motion to Withdraw Plea and Motion to Reconsider based on erroneous factual findings. These erroneous findings include the finding that Section 100 of the Provider's handbook prohibited payment for missed visits under all circumstances; that Bates 1026 was the only source for the Defendant's claim that he as an orthodontist could bill for missed appointments; and that Bates 1026 had been disavowed. Further the court was unaware that according to Dave Spinner, Manager, Dental Programs, IDPA, IDPA did not provide section 100 of the Provider's Handbook to Dentists during the indictment period.

**Wherefore**, it is respectfully requested that this Court reconsider its Opinion of December 9, 2004 and permit the Defendant to withdraw his plea.

Respectfully submitted:

/s/ Thomas M. Dawson
Thomas M. Dawson, Esq.
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS  66048
(913) 682-5331
(913) 682-8363 facsimile
dawsonlaw@aol.com

Counsel for Defendant

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing Defendants' Motion to Reconsider Order upon Patrick D. Hansen, Assistant United States Attorney, by ECF this 23rd day of August 2005.

<u>/s/ Thomas m. Dawson</u>
Thomas M. Dawson, Esq.