Mr. Dawson –

I am writing in response to your need to send information to the Prosecutor's office as soon as possible today concerning The case of Dr. Rinaldi. You wished me to comment on whether, based on my prior evaluation of Dr. Rinaldi, I had an opinion concerning certain issues based on a reasonable degree of psychological and neuropsychological certainty.

First, you wished to know whether the Defendant, due to a significant mental impairment, could not formulate criminal intent to commit the crimes charged. As expressed in my prior report dated 10-23-2003, considering the neuropsychological impairments identified in my evaluation of him, I believe that the Defendant was not able to formulate and carry out the intent to defraud with which he was charged.

You have additionally wished to know whether my findings also lead to an opinion that the Defendant committed offenses of fraud and obstruction while suffering from a significantly reduced mental capacity. According to the guidelines that you provided me, "significantly reduced mental capacity" is defined as:

(A) Significantly impaired ability to understand the wrongfulness of the behavior comprising the offense, OR to exercise the power of reason, OR

(B) Significantly impaired ability to control behavior that the Defendant knows is wrongful.

With regard to criterion A above, I found no impairment in ability to understand the wrongfulness of wrongful behavior in general, but did find confusion between the idea of record keeping and the idea of billing procedures which is more directly related to the behavior comprising the offense. This is related to the deficits in conceptual executive functioning and memory identified by the evaluation. Thus, my opinion is that he has significantly impaired ability to exercise the power of reason in regulating his behavior AND that this impairment also impaired his ability to understand the wrongfulness of his billing procedures that comprised the offense.

With regard to criterion B above, the deficits in executive functioning indeed impair his ability to control his behavior even when he knows that it is wrongful. One aspect of his problems with conceptual executive capacity is perseveration, repeating mistakes made based of prior misunderstanding even when confronted with the errors involved.

You also asked for my opinion as to the extent that the Defendant's mental capacity contributed to the commission of the offenses of fraud and obstruction. While there is no way to provide a

percentage measure of extent of contribution, I can say that my opinion is that the Defendant's mental capacity contributed significantly.

Please call if you have any questions.

George Athey, Jr., Ph.D., ABPP

3:01-cr-30110-JES-BGC    # 155-2    Page 2 of 2