IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01-30110 |
| ) | |
| SERGIUS RINALDI, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

The Defendant's sentencing hearing is scheduled to commence on September 15, 2005 at 10:00 a.m. If the sentencing hearing takes more than one day to complete, the hearing will resume on September 16, 2005 at 10:00 a.m. The Court has received the Presentence Investigation Report prepared by the United States Probation Office and the sentencing memorandums prepared by the parties. This Order is designed to inform the parties how the Court expects the sentencing hearing to be conducted.

The Court notes first that the Government has indicated that it has

1

no objections to the PSR.[1] The Defendant has reported five unresolved objections to the PSR. These objections pertain to, inter alia, the amount of loss as recorded in the PSR, and the Defendant's assertion that he should receive a downward departure pursuant to U.S.S.G. § 5K2.13 on the basis of his alleged diminished capacity.

Because the Defendant has proffered objections to the PSR, he will proceed first in presenting evidence. The Defendant's sentencing memorandum includes an outline of the evidence he expects to present. This evidence includes the testimony of several witnesses pertaining to the Defendant's alleged diminished capacity. These witnesses include: (1) Robert E. Chapman, M.D., SC; (2) George Athey, Jr., Ph.D., ABPP; and (3) Ronald Zec, Ph.D., ABPN, ABPP/ABCN, Associate Professor Clinical Neuropsychology. The Government asks the Court to bar the anticipated testimony of the medical professionals that the Defendant plans to present. The Government notes that the Court has received numerous medical

---

[1] However, the Government states that it will be requesting an upward departure from the applicable advisory sentencing guideline range. The Government contends that the amount of loss seriously understates the Defendant's conduct in this case.

reports in previous filings and has basically addressed the same issue in denying the Defendant's motion to withdraw his guilty plea and subsequent motions. The Government notes, however, that it plans to call Dr. Philipp Bornstein to testify if the Court allows the Defendant's medical testimony.

The Court will give the Defendant some latitude in presenting the medical testimony as to his alleged diminished capacity. However, the Defendant is reminded that the Court has already reviewed and is familiar with the reports of these medical professionals. Accordingly, the testimony of these witnesses need not be particularly lengthy.

As for the amount of loss, the Defendant states that he will introduce evidence through the testimony of investigator Deb McGregor. The Defendant states that he will also present the testimony of Dr. Thomas Langford. Dr. Langford will testify regarding the Defendant's billing practices.

The Government states that as many as four witnesses may testify regarding the billing practices of the Defendant's orthodontic practice from 1994 through 2001. These witnesses include Judy Keran, Michele Good,

Doris Schuh, and Gloria Craven. The Government alleges these witnesses will also testify regarding instructions from the Defendant pertaining to the billings. The Government further states that Susan Jackson will testify specifically as to her creation of Government's Exhibit A, as well as the source documents, which have been submitted to the Court in connection with the Government's sentencing memorandum.

<u>Ergo</u>, the sentencing hearing will be conducted in a manner consistent with this Order.

ENTER: September 8, 2005

        FOR THE COURT:

        s/Richard Mills
        United States District Judge

4