E-FILED
Friday, 07 October, 2005   10:58:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 01-30110 |
| | ) | |
| v. | ) | |
| | ) | |
| SERGIUS A. RINALDI | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO EXCLUDE ADDITIONAL
WITNESSES AND DOCUMENTS**

Comes the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois and Patrick D. Hansen, Assistant United States Attorney, and respectfully requests that this Court strike the newly added witnesses and bar the use of any new documentation sought to be obtained by the defendant through employees of the Illinois Department of Health and Family Services (formerly the Illinois Department of Public Aid or "IDPA"), and in furtherance of this request, states as follows:

A.   <u>The Addition of Documents and Witnesses Violates the Letter and Spirit of This Court's Order of May 26, 2005</u>

1.   In May of 2005, the government filed a motion with this Court in which it requested to be provided in advance with a copy of any and all exhibits to be offered by the defendant at the sentencing hearing. (d/e 137) This Court entered an order allowing the motion, ordering in part that "The parties are Directed to provide to each another (sic) within fourteen days of the sentencing hearing witness lists, exhibit lists, and an outline of the evidence which they intend to present." Order of May 26, 2005 (d/e 144)

1

2. On September 1, 2005, two weeks in advance of the scheduled sentencing hearing of September 14, 2005, both the government and the defendant submitted witness lists, exhibit lists, and sentencing memoranda to the Court in compliance with the order.

3. This Court entered an order on September 9, 2005 (d/e162) setting forth the witnesses it expected and the procedures it intended to follow during the sentencing.

4. The defendant again moved to continue the sentencing hearing, contending that one of his attorneys was not available due to medical problems (d/e 161). This Court held an emergency hearing/status conference on this motion on September 12, 2005, after which it agreed to continue the matter to October 14, 2005.

5. Despite the deadlines and Court order, and after the latest continuance, the defendant has attempted to compel the attendance of additional witnesses and production of additional documents by issuing subpoenas for additional witnesses to appear at the sentencing hearing. This is precisely the type of activity the government attempted to avoid in May of this year by objecting to additional continuances and requesting that this Court enter a scheduling order.

6. The additional witnesses submitted by the defendant in his "Endorsement Of Additional Witnesses For Sentencing," (d/e 171) were neither addressed nor summarized in his Sentencing Memorandum (d/e155), nor in any document filed since that time. These additional witnesses, identified as David Spinner and Mary Havenor, have been well known to the defendant throughout the course of these proceedings. Because of the timing of these additions and the failure to include the anticipated testimony of these witnesses in the summary filed, if these additional witnesses are allowed, the government will not have an opportunity to respond to

the testimony or any argument resulting therefrom.

7. The government learned that on or about October 5, 2005, the defendant caused a second subpoena to be issued to and served upon David Spinner, a mid-level employee for the Illinois Department of Health and Family Services (formerly IDPA) requiring him to produce documentation that, if exists, would be the records of IDPA.[1]

B. <u>The Additional Witnesses and Records Should Also Be Excluded as They Have No Relevance to the Issues at Sentencing</u>

1. Following his pleas of guilty, the defendant sought to withdraw those pleas with a new argument that he operated under some "bundled/pro rata" system of billing. The defendant's arguments have centered around a memorandum allegedly written by David Spinner in or about March of 2000, of which the defendant was well aware prior to entering his guilty plea.

2. The defendant waived any defense arising from the memorandum (and any others, for that matter) through his pleas of guilty. This Court has repeatedly rejected the defendant's attempts to manufacture additional issues surrounding this memorandum.

3. The IDPA clearly and repeatedly notified the parties that the memorandum does not now and never has reflected the policy of the agency. Nevertheless, starting in early 2005, the defendant filed several Freedom of Information Act requests with IDPA seeking records surrounding this issue. The requests and responses were addressed in the defendant's Second

---

[1] Mr. Spinner is not now, nor has he ever been, an appropriate custodian of records for the service of such a subpoena. The government attorney in this case does not represent the IDPA, nor does it seek to do so. However, it anticipates that the General Counsel for IDPA will object to the service of this subpoena, particularly after repeatedly complying with FOIA requests from this defendant for virtually the same documents. Additionally, this defendant is aware of the proper way to serve IDPA, as he has done so, through counsel, in the past.

Motion to Reconsider (d/e 149), and the government's response (d/e 157), which pointed out that,

> Rinaldi does have the correct facts surrounding these issues, but has simply chosen to ignore them. In response to his first FOIA request to IDPA, submitted on April 28, 2005, the defendant, through a Cleveland, Ohio law firm, asked for any records related to this "Policy Clarification"and its disavowal (which he identifies as Bates 1026) and was clearly and distinctly informed that bundled billing "was never an official Department policy, therefore, there was no need for disavowance." *See* attached Exhibit 1, p.3. This is the same information Rinaldi has had since becoming a provider in 1981. This did not end the defendant's inquiry, however. Again, on June 24, 2005, the Cleveland law firm, although not mentioning Rinaldi, filed another FOIA request to IDPA asking, among other things, for the same information regarding the "bundled" billing, and the "policy clarification" memo. This time, in a response dated August 5, 2005, they were told,
>
> > The attached [policy clarification] was never an official Department policy and therefore, was never applied. This "draft" policy clarification was never distributed because it incorrectly stated the Department's reimbursement policy for orthodontia services. As a result, there was no need for disavowance.
>
> Ex. 3, p. 4-5. To suggest, and even argue that Rinaldi *relied* on this "bundled/pro-rata billing" scenario, therefore, defies reason. It is not the policy of IDPA, and has never been the policy of IDPA. The only suggestion that Rinaldi believed he was acting under the correct policy has been set forth through the defendant's own incredible assertions in his Motion to Withdraw his Plea.

4.   As part of a continuing effort to manufacture issues where none exist, the defendant has, through a series of "ambush" interviews, represented to the Court that Mr. Spinner's has made statements that are some form of "policy" of the IDPA. This is evident in the defendant's Second Motion For Reconsideration (d/e 149) wherein the defendant contended he did not receive certain IDPA documents, relying as "evidence," a statement allegedly made by Mr. Spinner. As the government pointed out in its response, Mr. Spinner is a mid-level employee of the IDPA, does not set policy, and, for the most part, may not be aware of the

4

activities of other parts of that agency. In fact, it was discovered that the defendant had been informed through the appropriate authority at the IDPA that the documents in question had been sent by IDPA to all providers, including the defendant, but as Mr. Spinner was not a part of this distribution, he was therefore not aware of it. It is therefore abundantly clear that Mr. Spinner does not speak for the agency, and is not directly responsible for official agency policy.

5. The only possible purpose for compelling Mr. Spinner to testify and issuing two subpoenas for him, even after the deadlines set by the Court, would to once again attempt to create confusion by asking him questions about matters beyond the scope of his knowledge, and then submit such to this Court as some statement of IDPA "policy" regarding dental billings. The timing of the subpoenas, particularly considering that the "interviews" allegedly conducted by the defendant's investigator of Mr. Spinner were done in April of 2005, well in advance of the deadlines set by the scheduling order issued by this Court, is of particular concern.

6. Additionally, the second subpoena served upon Mr. Spinner seems to mirror the same issues addressed by the defendant's several FOIA requests to IDPA, and demands the production of documents that have already been addressed in that FOIA action. In essence, the defendant has received the official word of the agency, yet now attempts to "go around" the agency counsel and proper procedures by having a subpoena directed to an employee of the agency.

7. The government has no indication of the intent of the defense in seeking to compel the attendance and testimony of Mary Havenor. Havenor is a retired employee of the Illinois Department of Children and Family Services (DCFS), and has been adamant that the defendant was well aware that he could not submit billings for services not provided to children,

and was the author of correspondence directed to the defendant reminding him of that fact. Once again, since Havenor does not appear in the defendant's Sentencing Memorandum, there is no way for the government to determine if it should petition the Court to allow it to call additional witnesses to make sure the evidence is clear.

8.   In essence, if these witnesses are allowed to testify, and the documents demanded by the defendant are required to be produced by IDPA, it will violate both the letter and the spirit of this Court's order of May 25, 2005. It will also require this Court to spend additional time on matters that are not relevant to the issues identified in the Pre-Sentence Report and the Sentencing Memoranda filed by the parties.

WHEREFORE, the United States of America respectfully requests that this Court disallow the testimony of the additional witnesses not previously disclosed and outlined, as well as any documents not reflected in the previously filed Sentencing Memoranda.

Respectfully Submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By:   s/Patrick D. Hansen
Patrick D. Hansen
Assistant United States Attorney
Illinois Bar No. 6187536
318 South 6th Street
Springfield, IL 62701
Telephone: (217) 492-4450
patrick.hansen@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2005, I mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Joel Hirschhorn
Hirschhorn & Bieber
Penthouse One
2600 Douglas Road
Coral Gables, FL 33134

      I hereby certify that on October 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas M Dawson
2300 S. Fourth Street
Leavenworth, KS 66048

Michael Costello
Attorney at Law
631 East Allen
Springfield, IL 62703

      s/Patrick D. Hansen
      Patrick D. Hansen
      Assistant United States Attorney
      318 South Sixth Street
      Springfield, IL 62701
      (217) 492-4450
      Fax: (217) 492-4512
      patrick.hansen@usdoj.gov