UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 01-30110 |
| v. | ) | |
| | ) | |
| SERGIUS RINALDI, | ) | |
| Defendant. | ) | |

RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE ADDITIONAL
WITNESSES AND DOCUMENTS

The Defendant by and through counsel respectively responds to the Government's motion to exclude witnesses and documents as follows:

1. This Court entered an order directing that the parties provide to each other within fourteen days of the sentencing hearing witness lists, exhibit lists, and an outline of the evidence which the parties intend to present. Docket entry 144. On September 1, 2005, two weeks in advance of the scheduled sentencing hearing of September 14, 2005 both the Government and the Defense submitted witness lists, exhibit lists, and sentencing memoranda to the Court.

2. Exhibit 5 listed on the documents provided by the Government in the September 1, 2005 filing was not turned over to the Defense until September 29, 2005. Exhibit 5 was not provided to the Defense until a specific request by the Defense to the Government. After Government's exhibit 5 was provided to the Defense by the Government on September 29, 2005 the exhibit was

1

reviewed by the Defense expert, Dr. Thomas Langford. Exhibit 5 did not have any identifying marks e.g. Bates stamp numbers and does not appear to be listed in the inventory of the documents removed during the search of the Defendant's Offices. The Defense experts do not believe this document has been previously disclosed by the Government. It is possible that the document, exhibit 5, may have been removed from the Defendant's Springfield office by one of the employees of the Defendant and directly provided to the Government in 1999.

3. Exhibit 5 appears to directly relate to appointments of patients not kept and the "two missed appointment" rule. Dave Spinner will be an important rebuttal witness for the Defense in response to exhibit 5 provided to the Defense on September 29, 2005 as well as the Government's loss arguments in general.

4. The proposed testimony of Dave Spinner is well known to the Government. Paragraph 4 of the Government Motion to Exclude acknowledges that the Government has the Defense interviews with Spinner. These interviews will be the basis of the Spinner testimony testimony. The Government "labels" the interviews as "ambush". The Defense suggests the "label" is erroneous. It is hard to imagine a series of three interviews conducted on different days could be described as "ambush". The interviewer was not permitted to go directly to the office of Dave Spinner but was required to wait in a public area for Spinner to be notified of her presence. Spinner could then decide whether to even see the interviewer. The "ambush" label is incorrect.

5. The Government has "labeled" Mr. Spinner as mid management with IDPA in an effort to minimize his importance and the importance of his testimony. While the Defense can't be certain of the IDPA hierarchy this "label" also appears to be incorrect. Certainly the testimony of Mr. Spinner would provide more insight to his position than the "label". As set forth in the Defendant's second motion to withdraw his plea of guilty Mr. Spinner is the Manager of the Dental Program, was the author of the policy found at Bates 1026 and was a participant when the Illinois Center of Health Workforce Studies issued the report entitled "Access to Dental Care for Low-income Children in Illinois", December 2000. This report is found as exhibit 11 to the Second Motion to Withdraw Plea of Guilty filed by the Defense docket 149.

6. That the subpoena issued to Mr. Spinner is similar to the FOIA requests to the IDPA is of no surprise. As set forth at pages 16-17 of docket 149 the IDPA refused to provide the requested information as reflected in the letter attached to docket 149 from Amy S. Leopard in exhibit 2A. Any effort to "label" this effort as a "go around" is incorrect. According to the letter from attorney Amy S. Leopard the IDPA has withheld and failed to provide the information.

7. The Defense has issued a subpoena for Mary Havenor. The Defense will withdraw the subpoena for Mary Havenor.

Accordingly the Defendant would ask that the Motion to Exclude be denied as to Dave Spinner and that the Court find the Motion to Exclude as to Mary Haevnor is moot in that the Defendant will withdraw that subpoena.

Respectfully submitted,

/s/ Thomas M. Dawson
Thomas M. Dawson, Esq.
Kansas Bar No. 06599
2300 South Fourth Street
Leavenworth, KS 66048
(913) 682-5331
Counsel for Defendant.
Fax (913) 682-8363
dawsonlaw@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2005 I served a copy of the foregoing, electronically via the Central District of Illinois CM/ECF filing system on:

Patrick D. Hansen,
Assistant United States Attorney,
318 South Sixth Street
Springfield, IL. 62701

Attorney for Plaintiff,

/s/ Thomas M. Dawson
Thomas M. Dawson, Esq.