**E-FILED**
Friday, 14 October, 2005  08:45:32 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01-30110 |
| | ) | |
| SERGIUS RINALDI, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

In an Order entered on May 26, 2005, the Court directed that the parties were to provide each other within fourteen days of the sentencing hearing with witness lists, exhibit lists, and an outline of the evidence which they intended to present.  The parties filed their sentencing memorandums on September 1, 2005.  Because of the medical problems of one of the Defendant's attorneys, the sentencing hearing was continued from September 15, 2005 to October 14, 2005.  On September 29, 2005, the Defendant filed an endorsement of additional witnesses, wherein he

1

disclosed two additional witnesses who will testify at the sentencing hearing. Pending before the Court are the Government's motion to exclude additional witnesses and documents [d/e 176] and the motion of non-party David Spinner to quash the subpoena directed at him [d/e 178].

## I. The Government's Motion to Exclude

One of the two witnesses that is the subject of the Government's motion to exclude is Mary Havenor. Because the Defendant has agreed to withdraw the subpoena as to Ms. Havenor, the Government's motion to exclude as to that witness is now moot.

David Spinner is an employee of the Illinois Department of Public Aid. In support of its motion to exclude as to Mr. Spinner, the Government notes that the testimony of this potential witness was not addressed or summarized in the Defendant's sentencing memorandum. If the testimony is allowed, therefore, the Government alleges that it will have difficulty responding to the testimony or any argument resulting therefrom. The Government states that it also learned on or about October 5, 2005 that the Defendant caused a second subpoena to be issued and served upon Mr.

Spinner, requiring him to produce documentation that, if exists, would be the records of IDPA.  The Government notes that Mr. Spinner is not the appropriate custodian of records for the service of such a subpoena.

Additionally, the Government claims that the additional witnesses and records should be excluded in that they have no relevance to the issues at sentencing.  The Government notes that the Defendant's arguments that he operated under a "bundled/pro rata" system of billing were based on a memorandum allegedly written by Mr. Spinner in or about March 2000. The Government contends that the Defendant was well aware of this memorandum prior to entering his guilty plea.  The Government asserts that the Defendant waived any defense arising from the memorandum through his pleas of guilty.  Moreover, the Court rejected this argument in its Order denying the Defendant's motion to reconsider its previous Order denying the Defendant's motion to withdraw his guilty plea.

The Government further asserts that IDPA has informed the parties that the alleged Spinner memorandum does not and has never reflected the policy of the agency.   Nevertheless, the Government alleges that the

3

Defendant has since early 2005 filed several Freedom of Information Act requests with IDPA seeking records surrounding the issue.  The Government further contends that the Defendant has been informed that Mr. Spinner does not speak for the agency and is not responsible for agency policy. Accordingly, the Government claims that the only purpose for compelling Mr. Spinner to testify and issuing subpoenas for him would be to create confusion by asking him about issues beyond the scope of his knowledge, and then submitting such information to the Court as a statement of IDPA "policy."

The Government also alleges that the second subpoena served upon Mr. Spinner appears to address the same issues addressed by the Defendant's FOIA requests to IDPA, and demand the production of documents that have already been requested in that FOIA action.  The Government claims that after the Defendant received the official word of IDPA, he has attempted to "go around" the agency counsel and proper procedures by having a subpoena directed to an employee of the agency.

The Government alleges, therefore, that if these witnesses are allowed

to testify, and if IDPA is required to produce the documents requested by the Defendant, the letter and spirit of the Court's scheduling Order will be violated.   Moreover, it will serve to needlessly lengthen the sentencing hearing.

In his response to the Government's motion to exclude, the Defendant claims that Exhibit 5 to the Government's September 1, 2005 filing was not turned over to the Defense until September 29, 2005.  The Defendant states that Exhibit 5 was then reviewed by one of his experts.   The Defendant further alleges that the exhibit did not have any identifying marks (e.g. Bates stamp numbers) and does not appear to be listed in the inventory of the documents removed during the search of the Defendant's offices.  The Defendant's experts do not believe that this document has been previously disclosed by the Government.  The Defendant further claims that this document may have been removed from his Springfield office by one of his employees and directly provided to the Government in 1999.

The Defendant alleges that Exhibit 5 appears to directly relate to appointments of patients not kept and the "two missed appointments" rule.

5

Moreover, Mr. Spinner will be an important rebuttal witness for the Defense in response to Exhibit 5, in addition to the Government's loss arguments in general.  The Defendant further contends that the proposed testimony of Mr. Spinner is well-known to the Government.  Specifically, the previous Defense interviews will be the basis of Mr. Spinner's testimony. Accordingly, the Government will not be surprised or unfairly prejudiced by the testimony.

The Defendant next alleges that the fact the subpoena issued to Mr. Spinner is similar to the FOIA requests to IDPA is of no surprise.  The Defendant asserts that this is because IDPA has refused to provide the requested information.

To the extent that Mr. Spinner's proposed testimony and any documents relate to Exhibit 5, the Court will allow the Defendant to present that evidence at the sentencing hearing.  This is only fair if the Defendant did not receive Exhibit 5 until September 29, 2005.  To the extent that the proposed evidence relates to arguments previously rejected by the Court, however, the Court will exclude the evidence, on the basis that it was not

6

timely disclosed by the Defendant and is not relevant to the issues at sentencing.

## II. Motion to Quash

David Spinner has moved pursuant to Rule 45(c)(3)(a) to quash the subpoenas served upon IDPA[1], which were directed to Mr. Spinner, a nonparty IDPA employee.  The subpoena of September 19, 2005 directed Mr. Spinner to testify at the sentencing hearing on October 14, 2005; the subpoena of October 5, 2005 directed him to provide various documents at the sentencing hearing.  The documents requested relate to the creation of the document entitled "Dental Policy Clarifications March 2000."

The Movant alleges that the October 5, 2005 subpoena duces tecum should be quashed on the basis that Mr. Spinner is not the keeper of records for IDPA and does not have access to the requested documents.  Moreover, these documents have already been the subject of FOIA actions.  To the extent these documents exist, IDPA has produced the documents.

---

[1]The Illinois Department of Public Aid is now known as the Illinois Department of Healthcare and Family Services.  In the interest of consistency, the Court will continue to refer to that entity as IDPA.

7

In his response, the Defendant alleges that Mr. Spinner would have access to the documents he generated with respect to the Dental Policy Clarifications dated March 2000, given that he authored the policy. Therefore, Mr. Spinner should comply with the subpoena to the extent that he has records available. As for the Movant's argument that the documents have been produced, the Defendant contends that IDPA has refused to provide the requested information.

As the Court previously noted, it will allow the testimony of Mr. Spinner for a limited purpose of testifying regarding the Government's Exhibit 5, so the Court will DENY the motion to quash the subpoena directing him to testify at the sentencing hearing. It appears that most of the documents which are the subject of the subpoena duces tecum relate to issues which have already been resolved by the Court. The sentencing hearing will not be a forum for revisiting issues which have already been decided. Because the Court cannot be certain as to why the Defendant is requesting these documents, however, the Court will Direct Mr. Spinner to comply with the subpoena to the extent that such documents are available

8

to him.

Ergo, the Government's motion to exclude additional witnesses and documents as to David Spinner [d/e 176] is DENIED, to the extent that Mr. Spinner's testimony and the requested information pertains to information which was disclosed to the Defendant on September 29, 2005. The motion is DENIED AS MOOT as to Mary Havenor, in that the Defendant has withdrawn that subpoena.  The motion to quash the subpoena directed to David Spinner [d/e 178] is DENIED.  Mr. Spinner is Directed to comply with the subpoena to the extent to which he is able. The Court will allow the Defendant to present evidence in a manner consistent with this Opinion and Order.

ENTER: October 13, 2005

FOR THE COURT:

s/Richard Mills
United States District Judge