**E-FILED**
Thursday, 20 October, 2005  12:32:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01-30110 |
| | ) | |
| SERGIUS A. RINALDI, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court following the sentencing hearing of Defendant Sergius A. Rinaldi.

The sentencing hearing in this case proceeded over the course of three days, concluding on October 18, 2005. The revised Presentence Investigation Report found the Defendant's total offense level to be 14 with a criminal history category of I, yielding a sentencing guideline range of 15 to 21 months. The Defendant proffered five objections to the PSR. The parties presented evidence on those objections.

1

## I. The Defendant's Objections to the PSR

### A.

First, the Defendant objects to paragraph 15 of the PSR, wherein Probation determined that the amount of loss in defrauding the Medicaid system for which the Defendant should be held accountable is $25,844.35. This amount was based on information that Probation obtained from the U.S. Attorney's Office.  This information was based on interviews with former employees, patients and guardians, and through various records that were maintained.  The Defendant alleges that information obtained from the Illinois Department of Public Aid will support his objection.

The evidence presented at the sentencing hearing demonstrated that if anything, the amount noted in paragraph 15 was a conservative estimate of the overall loss.  Because some of the records were apparently removed or destroyed by the Defendant, it is impossible to arrive at a precise figure. However, the Court found the testimony of former employees regarding the Defendant's billing procedures to be credible.  Moreover, the testimony of Susan Jackson, who prepared a loss summary, was also helpful in determining the amount of loss.  Accordingly, the Court DENIED the

2

Defendant's objection to paragraph 15 of the PSR.

B.

Next, the Defendant objects to paragraphs 16 and 17 of the PSR. Paragraph 16 provides that the Defendant presented documents showing that certain services were provided to patients when the services had not been provided to the extent listed on the documents.  Paragraph 17 provides that between January 23, 2001 and  July 3, 2001, the Defendant removed records from his office that were responsive to a subpoena issued on January 23, in order to prevent federal investigators from obtaining the records regarding his billing practices.  Specifically, on July 3, 2001, the Defendant was seen removing certain records from his office and placing them near a trash bin of a nearby McDonald's Restaurant, in anticipation of a search by federal agents that was to take place that day.  This is the factual basis of Count 13.

According to the PSR, the Defendant objects on the basis that the documents removed were primarily personal items not related to the investigation.  However, the information contained in these paragraphs was admitted by the Defendant in the factual basis of his Plea Agreement and

3

when he acknowledged his guilt at his change of plea hearing.  Accordingly, the Defendant's objections to paragraphs 16 and 17 are DENIED.

## C.

The Defendant also objects to paragraphs 20 and 21 of the PSR. Paragraph 20 provides that the Defendant willfully obstructed and/or impeded justice during the investigation by knowingly using false writings and documents during the course of and in response to an audit of his practice by IDPA.  It further provides that the Defendant knew that services were not provided to patients to the extent indicated by documents which he presented.  Paragraph 21 provides that as charged in Count 13, the Defendant removed records, including sign-in sheets and appointment books for the years 1995 through 1999, from his office in response to a subpoena.  It further provides that the Defendant requested that certain patients sign forms showing their attendance for certain orthodontic sessions during the previous year, knowing that the patients did not attend those sessions.

According to the PSR, the Defendant objects to these paragraphs on the basis that he had no criminal intent and that he did not enter a plea of

guilty to removing sign-in sheets and appointment books, and that he denied those allegations. The PSR notes that the Defendant acknowledged that he was guilty at his change of plea hearing. Count 13 provides that documents were removed in response to the subpoena. Moreover, while not specifically mentioned in the factual basis of the plea, Count 13 includes language about removing sign-in sheets and appointment books between 1995 and 1999. Moreover, United States District Judge Joe Billy McDade found that the Defendant had removed sign-in sheets and appointment books when he was held in civil contempt and imprisoned on July 10, 2001.

To the extent that the Defendant argues that he lacked criminal intent based on his assertion that he suffers from Adult Attention Deficit Disorder, that argument was decided adversely to the Defendant when the Court denied his motion to withdraw his guilty plea and his subsequent motions to consider. Accordingly, the Defendant's objections to paragraphs 20 and 21 are DENIED.

## D.

Next, the Defendant objects to paragraph 94 of the PSR. That paragraph provides that an upward departure may be warranted in this case

5

pursuant to U.S.S.G. § 2B1.1, comment n. 19, on the basis that the loss calculated in this case may understate the seriousness of the offense, given that all of the records were not able to be obtained because of the Defendant's actions.

According to the PSR, the Defendant objects on the basis that he should not be held accountable for an imaginary loss or a loss based on speculation.  Pursuant to United States v. Booker, _ U.S. _, 125 S. Ct. 738 (2005), the Defendant contends that the appropriate standard for resolving factual disputes such as this is beyond a reasonable doubt.  Additionally, the Defendant alleges that the statistical analysis of Dr. Thomas Langford and Deb McGregor will provide an accurate loss assessment.   The Court considered the testimony of Dr. Langford regarding the Defendant's billing practices.  Because of the passage of time and the loss of records, however, that testimony was of limited probative value.

While the Court has the discretion to depart upward, the PSR does not recommend an upward departure.  Moreover, it is difficult to know the extent of the Defendant's fraud scheme, mainly because of his own actions. To the extent that the Defendant objects to the Government's right to argue

that an upward departure is appropriate, that objection is DENIED, on the basis that the Government is entitled to argue that the loss calculated may understate the seriousness of the offense.  However, the Court declines to depart upward in this case.

E.

The Defendant's final objection concerns his request for a downward departure.  He  contends that he should receive a downward departure from the applicable guideline range on the basis of diminished capacity.  The Court received the reports of several medical and psychological professionals.  These reports, which were initially submitted when the Defendant sought to withdraw his guilty plea, were carefully considered by the Court.  Additionally, Robert E. Chapman, M.D., SC and  George Athey, Jr., Ph.D., ABPP  testified on behalf of the Defendant at the sentencing hearing.  The Government presented the testimony of Philipp Bornstein, M.D., FAPA.

The PSR notes that some of the psychological professionals who have evaluated the Defendant have opined that he does suffer from some diminished capacity.   U.S.S.G. § 5K2.13 provides that a downward

7

departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense.

After considering the evidence and the testimony, the Court was unable to conclude that the Defendant suffers from a significantly reduced mental capacity which contributed substantially to the commission of the offense. The testimony of Dr. Bornstein was particularly probative on this issue. Dr. Bornstein opined that while the Defendant may suffer from a mild cognitive decline associated with aging, he does not and did not between 1994 and 2001 have a significantly reduced mental capacity. This testimony was helpful in part because Dr. Bornstein's opinions regarding the Defendant's mental capacity were not inconsistent with the testimony of the Defendant's former employees.

Because the Court is unable to conclude that the Defendant has a significantly reduced mental capacity which contributed substantially to the commission of the offense, the Defendant's objection that he is entitled to a downward departure under § 5K2.13 is DENIED.

8

## II. The Government's Motion for an Upward Departure

The Government moved for an upward departure in this case. Contending that the findings in the PSR do not reflect the seriousness of the offense, the Government requested an upward departure of 8 additional levels. The Government contended that such a departure is particularly appropriate because the Defendant's own conduct is why an accurate amount of loss cannot be ascertained. Moreover, the Sentencing Guidelines do not contemplate obstruction of justice to the degree that is present in this case.

The Court declined to grant the Government's motion for an upward departure. While there is little doubt that the amount of loss is significantly higher than the amount for which the Defendant was held accountable, the Court was reluctant to lengthen the Defendant's prison term based on speculation. Accordingly, the Government's motion for an upward departure is DENIED.

## III. The Defendant's Sentence

Based on the foregoing, the Court concluded that the Defendant's Sentencing Guideline range is 15 to 21 months imprisonment, as

determined in the PSR. The Defendant was sentenced to serve a term of 21 months imprisonment on Counts 1 and 13, to be served concurrently. Restitution in the amount of $25,844.35 is mandatory and due immediately. A fine of $500,000.00, which included $250,000.00 on Count 1 and $250,000.00 on Count 13, is due immediately. While the guideline provisions called for a fine of between $4,000.00 to $40,000.00, the Court concluded, pursuant to 18 U.S.C. § 3553(a)(6), that a fine within that range would not adequately reflect the seriousness of the offense or provide just punishment for the offense.

Following the imposition of sentence, the Defendant moved for release on bail pending appeal. The Court DENIED the Defendant's motion on the basis that it was unable to find, pursuant to 18 U.S.C. § 3141(b)(1)(B), that an appeal would present a close question likely to result in a reversal.

The Defendant also requested that he be allowed to self report to the facility designated by the Bureau of Prisons. The Court ALLOWED this motion. The Defendant will report to the facility designated by the Bureau of Prisons on the date designated by the Bureau of Prisons. The conditions of bail will remain in effect until the Defendant reports to prison. One

10

additional condition of bail is that the Defendant is to have no contact with former patients or with former employees who have testified or participated in the investigation.

Ergo, the Defendant's objections to the PSR are DENIED. The Defendant's motion for a downward departure is DENIED. The Government's motion for a downward departure is DENIED. The Defendant is hereby sentenced to serve a term of 21 months on Counts 1 and 13, to be served concurrently, in the custody of the Bureau of Prisons. The Court hereby recommends to the Bureau of Prisons that the Defendant serve his sentence in a facility as close to Edwardsville, Illinois as possible. Upon release from imprisonment, the Defendant shall be placed on supervised release for a period of three years on Count 1 and three years on Count 13, to be served concurrently. Restitution of $25,844.35 is payable and due immediately, as provided in the judgment to be entered in this case. A fine of $500,000.00, which includes $250,000.00 on Count 1 and $250,000.00 on Count 13, is due immediately. The special assessment of $200.00, which includes $100.00 for each count, is mandatory and due immediately. The Defendant is further sentenced as provided for in the

11

judgment to be entered.  The Defendant's motion for release on bail pending appeal is DENIED.  The Defendant's motion to self-report for the service of his sentence is ALLOWED.  The Defendant will report to the facility designated by the Bureau of Prisons on the date designated by the Bureau of Prisons.  The Government's motion to dismiss Counts 2-12 is ALLOWED.

ENTER: October 19, 2005

FOR THE COURT:

s/Richard Mills
United States District Judge

12