No. 05-4113                                                      9

carry on his successful practice during the same period he claimed to be of such a diminished mental capacity. Further, the district court later reconsidered the entirety of this information at the three-day sentencing hearing, and again rejected Rinaldi's claims of diminished capacity. Given the weight of the evidence from the medical experts, we cannot find that the district court clearly erred in holding that Rinaldi failed to present credible evidence of being incapable to form the specific intent necessary to carry out crimes as charged.

Rinaldi's claim of factual innocence based upon his alleged bundled-fee billing arrangement is similarly unpersuasive. He argues that the IDPA permitted a pro-rated billing scheme such as his, and that he pleaded guilty only as a result of the government's hollow promise to demonstrate the system's impermissibility. The genesis of this claim was a policy statement drafted by David Spinner, a contract administrator with the state of Illinois. The document was produced in discovery and asserted that a dentist may bill for monthly adjustments "whether he sees the patient or not. Monthly payments will be made for approved treatment as long as the client remains eligible and is in active treatment." *Rinaldi*, 347 F.Supp.2d at 602. In a letter dated March 5, 2002, however, the Government wrote to defense counsel:

> [T]he Illinois Department of Public Aid has disavowed this memorandum and clarified that in all instances, IDPA would deny payment for any claim for orthodontia service when a child is not physically present to receive the service. The 'final' word on that subject came from Steven Bradley, the head of the Bureau of Comprehensive Health Services for IDPA. According to Mr. Bradley, that has always been the policy of IDPA and the author or [policy statement] is simply wrong.

347 F.Supp.2d at 602. Further, David Spinner testified to these facts at the sentencing hearing. He stated that this policy statement was an erroneous interpretation of the contract administrator's Office Reference Manual, and that it was produced only in response to the government's discovery request. The statement was never distributed to dental providers during the period in which Rinaldi perpetrated his fraud, and it was disavowed by his superiors within a month of its being offered to the government.

After hearing this testimony, the district court found the disavowed Spinner memo, which formed the core of Rinaldi's argument, "irrelevant." Sentencing Hr'g Tr., Vol. I at 238, Oct. 14, 2005. Particularly persuasive was the fact that the "bundled-fee" scheme was never discussed prior to, or during, the time of the fraud. Further, the court noted that Rinaldi's argument was contradicted by the general handbook provided to participants in the Illinois Medical Assistance Program, to which Rinaldi was subject. This general handbook provided that unkept appointments are not subject to payment. In light of this evidentiary analysis by the district court, and the ongoing inability of the defendant to demonstrate how he could have been misled *after the fact* by the government's representations of his own fee system, Rinaldi's bundled-fee claim fails.

Further, we are definitively not persuaded that the district court made a mistake in its evidentiary findings on either of Rinaldi's claims to demonstrate a fair and just reason to withdraw his guilty plea. *United States v. Mendoza*, 2006 WL 2290702, No. 05-3323. slip op. at 5 (7th Cir. Aug. 10, 2006) (internal quotation omitted). We find that the court did not abuse its discretion.

No. 05-4113                                              11

## B. Denial of Motion for Continuance

Rinaldi argues next that the district court erred in denying him the entire six months he requested to calculate the loss attributable to his fraud. A district court's decision to deny the continuance of the sentencing hearing will be upheld absent an abuse of discretion. *Zambrella v. United States*, 327 F.3d 634, 638 (7th Cir. 2003). To demonstrate such an abuse, Rinaldi must show that he was actually prejudiced by the court's refusal to grant the continuance. *United States v. Rodgers*, 755 F.2d 533, 539-40 (7th Cir. 1985) (citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of justifiable request for delay violates the right to the assistance of counsel." (Internal quotations omitted)). Rinaldi claims the district court's decision prejudiced his ability to compile data that would have both negated his criminal intent and established the loss incurred by his fraud. As discussed above, the question of intent was settled on March 25, 2002, when Rinaldi voluntarily pleaded guilty. Regarding the determination of loss, any prejudice he suffered was at his own hands.

Rinaldi first made the court aware of his intent to conduct a statistical sampling on the impact of his fraud on November 22, 2002. This was nine months after he pleaded guilty and more than three years before his sentencing hearing. Instead of following through with the study, however, Rinaldi apparently put the matter on hold and focused on withdrawing his guilty plea. During this time, he moved for, and was granted three continuances of his sentencing. It cannot be said that the district court arbitrarily insisted upon expeditiousness. *See id.* Contrarily, Judge Mills granted Rinaldi permission to issue a subpoena to the relevant state agencies to aid in his project. Then, in May 2005, when Rinaldi moved for a

continuance to finalize the study, the district court again granted his motion, allowing three additional months, providing an explicit warning that it would be the "final continuance." Order, 4, (May 25, 2005) (No. 144).

Further, in *United States v. Robbins*, 197 F.3d 829 (7th Cir. 1999), we upheld the district court's decision in proceeding to sentencing over defense counsel's objection only four months after trial. 197 F.3d at 847-48. When considering whether Robbins had been prejudiced by the denied continuance, our decision relied on, *inter alia*, the likelihood that additional time would have yielded information useful at sentencing. *Id.* Rinaldi's analytical methodology relied upon locating and interviewing former patients regarding their dates of treatment. These patients, we keep in mind, were child or teenage wards of the state at the time of alleged treatment, and the dates in question ranged as far back 1994. The likelihood of their remembering or having maintained records on such matters for this length of time is questionable, thus casting doubt over the usefulness of the analysis as a whole.

Additionally, we note that the entire purpose of the statistical analysis was to reconstruct data that had been in Rinaldi's possession; data that he admitted concealing from the government. We find it hard to place blame for the outcome of Rinaldi's own actions on the shoulders of the district court. Considering the span of years between the entry of Rinaldi's guilty plea, the multiple continuances granted by the district court, and the questionable value of the analysis, we cannot find that no reasonable person would agree with the district court's denial of defendant's motion.

No. 05-4113                                                           13

### C. Reasonableness of the Sentence

Lastly, Rinaldi argues that the district court erred in failing to grant him a "downward departure" in his prison sentence and for imposing a fine of $500,000. After *United States v. Booker*, 543 U.S. 220 (2005), the concept of "departures" is outmoded; we review the district court's sentencing decisions for unreasonableness. 543 U.S. at 264; *United States v. Wallace*, 2006 WL 2338021, No. 05-3675, slip op. at 4 (7th Cir. Aug. 14, 2006); *United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005). "District courts are aided in their determination of reasonableness via a mandatory examination of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Lister*, 432 F.3d 754, 761 (7th Cir. 2005). A sentence that falls within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Where the sentence falls outside of the Guidelines range, however, it is incumbent upon the district court to provide a sound justification according to the § 3553(a) factors. *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). The greater the divergence, the greater the justification we seek to aid our review.

At the close of sentencing, the district court adopted the findings made in the PSR[1] and properly calculated Rinaldi's Guideline range at 15-21 months. After considering numerous issues that fall within the ambit of the §3553(a), Judge Mills imposed a sentence of 21 months' imprisonment. On appeal, Rinaldi argues that the district court failed to properly adjust his sentence for his "dimin-

---

[1] Contrary to Rinaldi's argument, it is well settled Circuit case law that such findings need be made by a preponderance of the evidence only, not beyond a reasonable doubt. See *United States v. Welch*, 429 F.3d 702, 704-05 (7th Cir. 2005).

ished capacity or mental status." This argument, however, makes no citations to the record, and ignores the full rehearing of both parties' expert medical testimony that consumed the majority of the sentencing rehearing. In holding that there was no basis to grant a sentence below the Guideline range, the district court reflected on the personal success of Rinaldi's practice and the impact that his fraud had on the taxpayers of the state of Illinois and the federal government. *See Dean*, 414 F.3d at 729 (point-by-point analysis of each sentencing factor not required). We therefore decline to find Rinaldi's 21 months' term of imprisonment unreasonable, *see Lister*, 432 F.3d at 761 (citing *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005)), and turn next to the district court's imposition of the $500,000 fine.

Both 18 U.S.C. §§ 1341 and 1347 provide for the imposition of a fine in addition to a term of imprisonment. For Rinaldi's offense level of 14, the suggested Guidelines fine is $4,000 - $40,000. U.S.S.G. § 5E1.2(c)(3). The statutory maximum amount is limited to no more than $250,000 per offense for individuals. 18 U.S.C. § 3571(b)(3). At sentencing, the district court properly calculated the Guidelines fine, reviewed the defendant's ability to pay as set forth in the PSR, and then imposed the statutory maximum: fining Rinaldi $500,000; $250,000 per offense. Rinaldi claims the court erred in its findings on his ability to pay and in imposing the maximum fine.

The district court, however, did not clearly err in relying on the only complete financial information with which it was provided. *See United States v. Olson*, 450 F.3d 655, 683-84 (7th Cir. 2006). Despite Rinaldi's claim that the district court relied on outdated financial data contained in the original and revised PSR (March 31, 2003, and August 31, 2005, respectively), he failed to raise any objections on this point before or during his sentencing. Indeed, the only updated financial information to which

No. 05-4113                                                                 15

he directs our attention is contained in an incomplete United States Probation Office questionnaire, labeled Defendant's Exhibit 64 at the sentencing hearing. As he notes, the document was considered at sentencing, but only as evidence of the defendant's mental state. In reviewing the value of the information contained therein, the district court noted that Rinaldi "was told upon several occasions by the probation office to fill out [the] financial forms and did so but only partially and did not do so completely. . . ." Sentencing Hr'g Tr., Vol. I at Tr. 22, Oct. 14, 2005. We fail to find the district court made a definite mistake in relying on information to which the defendant did not object, and for which he provided no reasonable alternative.

In examining the value of the fine, we review the district court's decision to impose the statutory maximum for unreasonableness. *Booker*, 543 U.S. at 264; *Arnaout*, 431 F.3d at 1003. As with all sentences outside of the suggested Guidelines range, we look to see if the district court has given us an adequate explanation for its divergence. "In doing so, we consider all of the district court's reasons, oral and written alike." *Wallace*, No. 05-3675 at 12. Because the fine imposed was more than twelve times the Guidelines suggestion, however, the district court's reasons must be particularly compelling. *United States v. Jordan*, 435 F.3d 693, 697 (7th Cir. 2006) (affirming district court's imposition of statutory maximum sentence 103 months above the Guidelines' range). They are.

At sentencing, Judge Mills gave the following statements when considering the mandate of § 3553(a):

> [T]he Court does feel that Dr. Rinaldi has committed a terrible crime against the people of Illinois, not heinous, not involving physical touching or injury, but he has bilked the taxpayers out of a tremendous amount of money. And we will never know the exact amount of that.

16                                              No. 05-4113

Sentencing Hr'g Tr., Vol. III at 690, Oct. 18, 2005. Further, he specifically noted that

> [h]e's no better than a highwayman that pulls his pistols and [says] stand and deliver. And he has taken the taxpayers of Illinois and taxpayers of the United States right down the pea patch. I don't know the exact amount [of his fraud], none of us do. But we know that he's well-to-do, he's been eminently successful in his practice. His net worth stands at $2,340,200.

*Id.* at 688. This doubt regarding the extent of the fraud, the court noted, existed in part "because of the actions of the defendant." *Id.* at 689. Moments before announcing the sentence, the district judge expressed his concern "whether the sentence that I'm going to give will be a deterrence adequate enough." *Id.* at 690. In the court's subsequent written opinion, it again recited the Guidelines suggested fine, and concluded that, pursuant to § 3553(a)(6), "that a fine within that range would not adequately reflect the seriousness of the offense or provide just punishment for the offense." Opinion, 10 (Oct. 20, 2005) (No. 181). This statement also strikes at the heart of § 3553(a)(2)(A) and (B) and dovetails neatly with the court's characterization of Rinaldi's crimes.

Ultimately, the district court's statements evidenced its open concern for the magnitude of Rinaldi's fraud, the difficulty encountered in ascertaining the full extent of the impact—the fault for which lay with the defendant's admitted obstruction of justice—and the possibility that Rinaldi may have benefitted from that obstruction. The Guidelines range, Judge Mills repeatedly noted, simply did not reflect the degree of harm the defendant had caused. *Id.* at 698. But the court distinguished the impact of Rinaldi's crime as one of non-violence and chose not increase his term of imprisonment, but opted instead to increase the fine; punishing the perpetrator with a

No. 05-4113              17

correlate of his own crime. Because of this thorough analysis of the nature, circumstances, and seriousness of the offense in consideration of § 3553(a), we cannot say that the district court's sentence was unreasonable. *See United States v. Walker*, 447 F.3d 999, 1008 (7th Cir. 2006).

### III. Conclusion

For the foregoing reasons, the defendant's guilty plea and sentence are AFFIRMED.

A true Copy:

Teste:

*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—8-31-06

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT - WITH ORAL ARGUMENT

Date: August 31, 2006

BEFORE:  Honorable WILLIAM J. BAUER, Circuit Judge

Honorable FRANK H. EASTERBROOK, Circuit Judge

Honorable DIANE P. WOOD, Circuit Judge

No. 05-4113

UNITED STATES OF AMERICA,
        Plaintiff - Appellee

v.

SERGIUS A. RINALDI,
        Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 01 CR 30110, Richard Mills, Judge

    The judgment of the District Court is AFFIRMED, in accordance with the decision of this court entered on this date.

(1061-110393)